

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:07-CR-122 |
| | § | |
| JUSTIN ALLEN FREGIA | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Justin Allen Fregia, violated conditions of supervised release imposed by Chief United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #74) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on February 14, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

Judge Clark sentenced Mr. Fregia on August 11, 2008, after Fregia pled guilty to the offense of Possession with Intent to Distribute 50 Grams or More but Less than 500 Grams of Methamphetamine, a Class B felony. The Court sentenced the defendant to 70 months imprisonment followed by a 4 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol abstinence, drug treatment, and a $100 mandatory special assessment. On August 8, 2012, Justin Allen Fregia completed his period of imprisonment and began service of the supervision term.

On March 24, 2012, the Court revoked Mr. Fregia's initial term of supervision and sentenced him to five months imprisonment and an additional one (1) year term of supervision, subject to the same mandatory, standard and special conditions imposed in the original term, plus

new special conditions to include drug testing and treatment, refrain from alcohol consumption, and financial disclosure to the probation office. *See Revocation Judgment* (doc. #73). According to the petition to revoke, Mr. Fregia began his new term of supervised release in the Southern District of Texas on June 18, 2015.

### B. Allegations in Petition

The United States Probation Office alleges that Mr. Fregia violated a standard condition of his term of supervised release as follows:

*The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.*

Specifically, the petition alleges that Mr. Fregia failed to notify the U.S. Probation Office of his arrest that occurred on March 3, 2016, in Harris County, Texas.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the above-stated allegations. Specifically, the Government would present evidence establishing that the defendant Justin Fregia was arrested on March 3, 2016, by the Harris County Constable Precinct 1 and charged with possession of a controlled substance. Mr. Fregia failed to notify his probation officer within 72 hours of this arrest as required by his conditions of his supervision.

Defendant, Justin Allen Fregia, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to notify his probation officer of his arrest in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(h). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervision by failing to notify the probation officer of his arrest. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Fregia pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **six (6) months** imprisonment, with credit for time served, and with no additional term of supervised release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual

evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of February, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE